IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ICE ROVER, INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION 6:22-cv-00797-ADA-DTG |
| § | | |
| LIFETIME PRODUCTS, INC. § | | JURY TRIAL DEMANDED |
| *Defendant*. § | | |
| § | | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. This is a suit filed by plaintiff Ice Rover, Inc. ("Ice Rover") alleging patent infringement against defendant Lifetime Products, Inc. ("Lifetime"). Before the Court is Defendant Lifetime's Motion to Dismiss for Improper Venue. ECF No. 8. For the following reasons, the Court **RECOMMENDS** that the motion be **GRANTED** in that this case be dismissed without prejudice. For the reasons discussed herein, the Court should conclude that Lifetime lacks a regular and established place of business in this District, thus, venue is improper here as to Lifetime.

I.  FACTUAL BACKGROUND

In this suit Ice Rover alleges infringement of United States Patent No. 10,272,934 ("the '934 patent"), entitled "Multi-terrain multi-purpose insulated container." Ice Rover is a Colorado

1

corporation with its principal place of business in Colorado. ECF No. 1 at ¶ 1. Lifetime is a Utah corporation with a principal place of business in Utah. *Id.* at ¶ 3. Ice Rover argues that Lifetime's coolers infringe its patent. *Id.* at ¶ 16. Ice Rover alleges that Lifetime directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, or otherwise commercializes products that infringe the '934 patent into the Western District of Texas as well as the State of Texas more generally. *Id.* at ¶ 8. Ice Rover further alleges that Lifetime has regular and established places of business in this District in Austin, Texas, and San Antonio, Texas. *Id.* at ¶¶ 3, 12.

Lifetime filed its motion to dismiss for improper venue under Federal Rule of Civil procedure 12(b)(3) on September 30, 2022. ECF No. 8. Ice Rover filed its opposition on December 23, 2022. ECF No. 14. Lifetime filed a reply in support of its motion on January 6, 2023. ECF No. 15.

## II. ANALYSIS

Lifetime argues that venue is improper under 28 U.S.C. § 1400(b). *See* ECF No. 8. Ice Rover responds that venue is proper in this district because Lifetime has a physical, regular and established place of business in this district that satisfies the requirements of *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017).

Under 28 U.S.C. § 1400(b), patent litigation may be brought (1) in the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business.[1] *Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-CV-00606-ADA, 2021 WL 860006, at *1 (W.D. Tex. Mar. 8, 2021). To show a

---

[1] Lifetime admits that its accused products are sold in this district by third-party retailers. ECF No. 8 at 2, n.1.

2

regular and established place of business, "'(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.'" *In re Google LLC*, 949 F.3d 1338, 1348 (Fed Cir. 2020) (quoting *Cray*, 871 F.3d at 1360). The physical place in a specific judicial district must "be a place of *the defendant*, not solely a place of the defendant's employee" or agent. *Cray*, 871 F.3d at 1363. "Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* For example, "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself" including whether the signage represents the space as belonging to the defendant, may be relevant to whether a place is a regular and established place of business. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013, 1015 (Fed. Cir. 2018); *Cray*, 871 F.3d at 1363. Additionally, decisions in this district have held that the mere existence of sales by an authorized retailer cannot establish venue without "possession or control over the shelf space, usually in the form of a lease." *IngenioShare, LLC v. Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *4 (W.D. Tex. Mar. 18, 2022). Furthermore, "Leased shelf or rack-space can serve as a 'regular and established place of business' under the Patent Venue Statute if the defendant also has an employee or agent conducting business in that district." *Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *2 (W.D. Tex. Mar. 31, 2021). By contrast, the Federal Circuit has explained that shelf space alone generally does not constitute a regular and established place of business where a defendant did not have an employee or agent regularly conducting its business at the alleged place. *In re Google*, 949 F.3d at 1344.

If venue is improper, a suit may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Once venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of

establishing proper venue. *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019). The Court must accept as true all allegations in the plaintiff's complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The plaintiff need only make a prima facie case to establish venue if the court does not hold an evidentiary hearing. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If venue is improper, the court has discretion to dismiss or transfer the case. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

As to Lifetime, the Court should find venue cannot be proper as to the first prong of § 1400(b) because it is undisputed Lifetime resides in Utah. ECF No. 8-1 at ¶ 2; 28 U.S.C. § 1400(b) ("where the defendant resides"). As to the second prong of § 1400(b), Lifetime denies Ice Rover's allegation it has any regular and established places of business in the Western District of Texas. ECF. No. 8 at 4; 28 U.S.C. § 1400(b) ("where the defendant has committed acts of infringement and has a regular and established place of business"). Lifetime admits to having brick-and-mortar retail locations in Utah and Idaho, but denies it has any in Texas. ECF. No. 8-1 at ¶ 3. Lifetime denies having any employees or agents in Texas. ECF No. 8 at 7. Lifetime asserts that the addresses where Ice Rover alleges Lifetime has regular and established places of business are actually Walmart stores. *Id.* at 2. Lifetime asserts that "Walmart is merely a retailer for Lifetime," and Lifetime has no control over or ownership in Walmart or any shelf space at Walmart (or any other third-party retailers). *Id.* at 3, 7; *see also* ECF No. 14-3 at 45–46.

Ice Rover responds by alleging that there are at least ninety-seven brick-and-mortar establishments in this district that sell Lifetime's products including Walmart as well as Home Depot, Dick's Sporting Goods, and Lowe's. Ice Rover argues that venue "will hinge upon"

whether these ninety-seven stores rise to the level of being Lifetime's regular and established places of business. ECF No. 14 at 5. However, Ice Rover's argument relies on unsupported supposition and innuendo.

First, Ice Rover argues that the ninety-seven retail establishments it identified in this district "likely feature Lifetime related-signage, displays, promotional materials, and in-store advertising," which Lifetime argues is a "clear representation" that Lifetime has a place of business in this District. *Id.* at 6. The Court should not agree. First, *Cray* requires signage to be "associated with or on the building itself" and represent the space as "belonging" to the defendant. *In re ZTE*, 890 F.3d at 1015 (citing *Cray*, 871 F.3d at 1363–64). But the signage Ice Rover alludes to in its transfer opposition is merely displays, promotional materials, and in-store advertising. ECF No. 14 at 6. And Ice Rover has not actually pleaded any facts showing this, but merely stated it is "likely" such signage exists. *Id.* Because Ice Rover does not make a factual showing of what type of signage Lifetime actually uses in this district, the allegations do not create "conflicts between the facts" in which the Court can make a favorable inference for Ice Rover that this signage represents an established place of business. *Johnston*, 523 F.3d at 609.

Second, Ice Rover argues that Lifetime's alleged lack of any officer, employee, or agent that communicates with any store in the district "begs the question how Lifetime can conduct business in the District on any level."[2] ECF No. 14 at 4. Lifetime responds that although it sells to and deals with corporate buyers, Lifetime does not deal with their individual third-party retail stores such as those in the Western District of Texas. ECF No. 15 at 3. Lifetime argues it does not maintain control over where or how products are sold once they are sold to the corporate

---

[2] Of course, that is the point of Lifetime's Motion—that it does not conduct business in this District.

buyers. *Id.* The Court should agree with Lifetime. Even if there was a buying agent of some kind in the Western District of Texas, a physical place in a district must "be a place of *the defendant*, not solely a place of the defendant's employee" or agent. *Cray*, 871 F.3d at 1363. And more generally, Ice Rover has failed to make an actual allegation that the Court can accept as true of any employees or agents in this District, but instead merely insinuated that Lifetime has begged a question. *Braspetro*, 240 F. App'x at 616.

For these reasons, the Court should conclude that Lifetime lacks a regular and established place of business in this District. As such, venue is improper. 28 U.S.C. §1400(b). Thus, the Court should dismiss the case without prejudice.[3]

### III.   CONCLUSION

For the foregoing reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **GRANT** Lifetime's Motion to Dismiss (ECF No. 8) without prejudice.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[3] The Court should decline to transfer the case. Although Ice Rover cited *Caldwell* for the legal standard that a court has discretion to transfer a case in which venue is improper, ECF No. 14 at 4 (citing 811 F.2d at 919), no party in this suit requested transfer if the Court finds venue is improper. Moreover, this case is still in its early stages as it has not yet reached fact discovery or a *Markman* hearing. Additionally, Lifetime admitted that it has regular and established places of business in both Utah and Idaho. ECF No. 8 at 2. This case should be dismissed without prejudice; therefore, perhaps plaintiff will choose to refile in a district in which venue is proper. The Court should decline to guess as to whether and which other forum may be desired and appropriate for a transfer.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 7th day of September, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE